# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAKEEM MAJOR,<br><br>　　　　　Defendant. | Criminal Action No. 21-cr-00207 (JXN)<br><br>**MEMORANDUM OPINION AND ORDER** |

**NEALS**, District Judge

　　**WHEREAS**, On March 10, 2021, Defendant Hakeem Major ("Major" or "Defendant") waived his right to an indictment and pleaded guilty to a three-count information charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (ECF Nos. 26-31.) On July 22, 2021, the Honorable Kevin McNulty, U.S.D.J. (ret.),[1] sentenced Major to a ninety-six (96) months term of imprisonment, consisting of thirty-six (36) months on each of Counts One and Two, and sixty (60) months on Count Three to be served consecutively to the sentences on the first two counts. (ECF Nos. 36-37.) Major did not appeal his sentence to the United States Court of Appeals for the Third Circuit. Major's judgment became final on August 8, 2022, a year after the expiration of the time to appeal; and

　　**WHEREAS**, on February 27, 2024, Major, proceeding *pro se*, moved to dismiss his 18 U.S.C. § 922(g)(1) charge as unconstitutional as applied to him in violation of the Second

---

[1] This matter was reassigned to the Undersigned on March 5, 2024. (*See* ECF No. 39.)

Amendment. (ECF No. 40.) The Government responded to the motion on September 6, 2024, contending, among other things, that the motion, as presented, must be denied (*see* generally ECF No. 41); and

**WHEREAS**, Rule 12(b)(3) governs certain defenses, objections, and requests that "must be made… by *pretrial* motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3) (emphasis added). Since Major filed this motion to dismiss Count Two of the information *post-guilty plea*, Major's motion is untimely; and

**WHEREAS**, generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). Therefore, the Court notifies Major that his motion may be recharacterized as a motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the Court is required to notify Major of the legal consequences of such characterization and to advise him of his options; and

**WHEREAS**, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts a petitioner's ability to file subsequent § 2255 motions. *See Castro*, 540 U.S. at 381–83. Before recharacterizing a pro se litigant's motion as a first § 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id*. at 383; *see also United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999) (explaining that district courts must first take

certain "prophylactic measures" before recharacterizing a *pro se* petitioner's post-conviction motion as a § 2255 motion); and

**WHEREAS**, the Court notifies Major that it intends to reconstrue his motion to dismiss as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and provides him with thirty (30) days to advise the Court how he wants to proceed by choosing one of the following options: (1) withdraw his motion; (2) have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petitions absent certification by the court of appeals; or (3) file a § 2255 motion that includes all the claims he wishes to bring within the one-year statutory period allotted under 28 U.S.C. § 2244(d). If Major does not withdraw his motion and elects either to proceed on the claims in his current motion or submit an amended motion, he must comply with Local Civil Rule 81.2(a), which requires him to submit his motion or amended motion on the correct form. Accordingly,

**IT IS** on this 29th day of October 2025,

**ORDERED** that Major's motion to dismiss (ECF No. 40) is **DENIED** to the extent he seeks relief pursuant to Fed. R. Crim. P. 12(b)(3); it is further

**ORDERED** that pursuant to *Castro v. U.S.,* 540 U.S. 375 (2003), Major is notified that the Court intends to reconstrue the motion to dismiss (ECF No. 40) as his first § 2255 motion; it is further

**ORDERED** that within thirty (30) days of the date of this Memorandum Opinion and Order, Major shall elect one of the following options: (1) withdraw his motion; (2) have his motion recharacterized as a § 2255 motion and heard as such; or (3) file one all-inclusive § 2255 petition within the one-year statutory period prescribed by AEDPA in § 2255; it is further

**ORDERED** that if Major fails to elect any option within thirty (30) days of this Memorandum Opinion and Order, his motion will be considered withdrawn; it is further

**ORDERED** that the Clerk of the Court shall forward Major a blank section 2255 form-AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014); it is further

**ORDERED** that if Major elects to have his motion recharacterized as a § 2255 motion or file one all-inclusive § 2255 petition, he must submit his § 2255 motion or all-inclusive § 2255 petition in the correct form, which will be docketed as a new civil case; it is further

**ORDERED** that if Major elects to proceed on the claims in his original motion or file an all-inclusive § 2255 petition, he should also submit all arguments for equitable tolling he wishes the Court to consider; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Memorandum Opinion and Order to Major by regular mail.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge